United States Federal Court
Middle District of Florida
Jacksonville Florida Division

Lenew Dortch                          Case No: 3:05-cv-568-J-20MMH
    Petitioner,

    Vs.

PDF Detention Facility, MCC Correctional Facility
John Rutherford, sheriff
law library officer McDuff          PDF
law library Supervisor Sgt Clark    PDF
Sgt Price   PDF
ET. AL.    Respondents,

## Civil Rights Complaint

Petitioner Lenew Dortch, pro se, pursuant to 42 U.S.C. Section 1983 hereby submits this complaint alledging the violation of his civil rights and the civil rights of all other similarly situated sentence and pre-trial detainees in the Duval County Detention Facilities by respondents under the color of state law In support hereof, Petitioner alleges

1. The respondents have violated my access to the courts by not providing this petitioner with access to the law

library. However I was allowed two visits to the law library for a total of about three or so hours. Since said time I've been denied access to the law library and all of my request have been ignored resulting in my being forced into a courtroom uniformed, unprepared and with little or no knowledge about the nature of my charges and their possible defense. Knowing that I would not be granted access to the law library I plead guilty to charges of which might very well had been dropped or dismissed. This of which when allow to attend the law library during my appeal will be proven yet I won't be able to effectuate an appeal so long as I'm to be unlawfully denied access to the courts.

2.
  The pretrial detention facility law library is not current and lacks a large number of law books and has no federal supplements of which I was told by the law library officer McDuff that such books were only required for federal facilities. This I found absurd to hear from an individual in charge of a prison law library.

3. During my rare visits to the law library I was denied the right to make copies of a case because it was more than (4) four pages even though I was willing to pay for said copies. This was done even though the law library officer McDuff's desk has a sign that says "inmates are allowed up to (5) five free copies and all additional copies are (16) cent each. This policy is also stated in the <u>Inmate Orientation HandBook P-344 Revised 03/2004</u> which states in part "Each inmate using the law library may have copies of legal reference up to five (5) sheets per visit at no charge. Each additional sheet will cost the inmate $.016 cents and the funds will be substracted from the inmates commissary account" Yet this policy is violated by officer McDuff. When I questioned the officer McDuff about this violation she said simply put "thats all youere getting."

This denial prevented me from being able to prepare my case and denied me of access to the courts. Clearly said jail officials did abridge my constitutional rights to prepare for my court hearing when they refused to provide me with photocopies of legal precedents of which I requested and was willing to pay for.

## Legal Assistance

The Duval County department of corrections violated my and similarly situated prisoners rights to access to the courts when they refused to provide inmates with some form of ~~meaningful~~ legal assistance of which assures meaningful access to courts.

Time and time again I was told that the city isn't responsible for providing such assistance and even if it were it just didn't have the funds to do so. It has long been established In part that: <u>An invidious discrimination on account of poverty as result of failure of a state or county to furnish sufficient and adequate legal services to prisoners and pretrial detainees alike is just as offensive to Constitution as if it were written into positive law</u>

The state of Florida and its counties Duval alike have an affirmative constitional duty to furnish inmates expensive law libraries or to provide professional or quasi-professional legal assistance yet like Duval county, they don't perferring to wait until force to do so by the court ignoring my request and other prisoners that they comply with the law.

The states and counties must be held accountable and assessed punitive, declatory

an as also punitive damages.

4. Petitioner further contends that he was transfered to a Duval County correctional facility herein now known as MCC Correctional facility where there is no law library at all on the facility grounds. This clearly denies all 700 plus prisoners here in this facility denial of access to the courts. For a prisoner to be able to attend the law library he has to submit a request and that request will be forwarded to the Pretrial detention Facility located some thirty miles away and when transportation is aranged the facility will be informed of the date in which I will be able to attend of which could be weeks.

Petitioner therein ask that a law library be established in all facility that are maintained by the Respondents and that an outline be created for them to follow as to the minimum requirements so as the newly established library shall be deemed adequate by your said court

5. <u>mail, photographs, magazines</u>

The respondents have violated my rights and similarly situated prisoners when they throw out photos of our love ones that have been mailed to us saying that such

photographs are contraband. These photographs are shown to the prisoner then ripped up and destroyed. It must be duly noted that no infraction is given nor is the prisoner given the right to be heard nor the opportunity to mail said photos home. This surely is a denial of due process. In no way has the Duval County department of correction show how such photos poses as a security threat.

The respondents own rule book states in part: Unauthorized items received through the mail will be considered nuisance contraband and the entire package will be confiscated for disposal. Unauthorized items will not be stored in the facility property room. Photographs, xerox copies or facsimiles will be considered nuisance contraband and will be confiscated for disposal. Computer generated materials downloaded from the internet are not permitted regardless of the content and will be disposed of as nuisance contraband.

### Reading Materials

Publications which present a threat to the security, order or rehabilitative objectives of the correctional system or the safety of any person, are prohibited. Publication pictorially depicting full frontal nudity; implied, imminent, or actual sexual penetration; or genitalia are also prohibited.

Magazines, newspapers, and other periodicals are

permitted by subscription only

Its clear by respondents own rules that prisoners rights to due process are violated. Other county jails, and prisons throughout the state of Florida allow prisoners to have pictures and have not denied prisoners of photos although some have set reasonable limits in the area of about (50) fifty photos and prisoners can to purchase photo albums in the facility commissary. Most prisons do as well allow photos to be taken during visits especially in New York state where all general population visits are of a contact nature.

By respondents destroying an inmates photos without due process is in itself a violation of a prisoner constitutional Rights. Prisoners should be allow photos as the respondents can not show how such is a threat. If a state of Florida prisoner can have photos without the facility finding them a threat to security or the order of the operation of the facility then why does Florida the Duval county jail system? Surely there's more dangerous prisoners being house in state prisons than said county jail.

6. Respondents refuse magazines that are sent from family members throwing them

In the trash. Magazines such as playboy Hustler and Club are as well destroyed without due process even though they can not show how they are a threat!

These publications are sold in local stores and haven't posed any threats to our communities at large.

The respondents also impose restrictions on the type of books prisoners can read eg. Books about the Black Panthers, Nazi publications. It maybe true that some may not like these types of books nevertheless their protected under free speech.

Yet these books and publications are destroyed based on their title, or content or because they did not come directly from the publisher. Again there is no hearing, no written notice given when an item is taken from an inmates mail stating what the item was that was taken and for what reason and how such item posed a threat to the order and operation of the facility, nor was the inmate given the opportunity to be heard or appeal such decision. This in itself is a denial of due process.

7. Im unable to Appeal my sentence due to the Respondents refusal to provide me with access to the law library. The time is running out as I only have 30 days to file

on appeal yet without access to the law library I can't do so. And with help to prepare such motion there will be no appeal filed. For such injury I seek damages.

1) I Lenneu Dorteh seek $200,000.00 two hundred thousand dollars for the respondents violation of my due process rights and continued refusal after I had shown them the law.

2) Im seeking $5,000 dollars for the destruction of personal photos recieved through the mail because of the respondents denial of Due process.

3) Im seeking an order forcing the respondents to establish law libraries in all of their facilities and that all libraries can seat at least 80 prisoners and that all prisoners have access to the law library for at least (4) four hours perday.

4) That magazines and books be allowed to come from family members and not just from the publishers and that anything deemed contraband be in a written notice and an inmate be given the right to be heard.

5) That officers refrain from throwing prisoners photos in the trash for destruction.

where this petitioner(s) pray for the relief sought.

Under the penalties of perjury I declare that I am the Petitioner herein, that I have read the foregoing complaint and that the facts stated in it are true to the best of my knowledge

Respectfully Submitted

*Lenew Dortch*

---

Lenew Dortch
James I Montgomer Corr. Fac.
4727 Lannie Rd
Jacksonville Fl 32218
F2 Boat Bed
# 2005017365